FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/9/2019 4:54 PM
JAMIE SMITH
DISTRICT CLERK
B-204679

CAUSE NO. _____

| | | |
|---|---|---|
| MARK AND TIFFANY BEATY § <br> Plaintiffs § <br> § <br> v. § <br> § <br> § <br> GULFSTREAM PROPERTY & § <br> CASUALTY INSURANCE COMPANY § <br> AND ATLAS GENERAL AGENCY, LLC § <br> Defendants § | | IN THE DISTRICT COURT <br><br><br> \_\_\_\_ JUDICIAL DISTRICT <br><br><br> JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, MARK and TIFFANY BEATY (the "Plaintiffs") complaining of and against GULFSTREAM PROPERTY & CASUALTY INSURANCE COMPANY ("GSPCIC") and ATLAS GENERAL AGENCY, LLC ("ATLAS") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.01   Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2.01   Plaintiff, Mark and Tiffany Beaty are individuals, residents of Jefferson County, Texas and citizens of the state of Texas.

2.02  Defendant, GSPCIC is a for-profit, foreign insurance company doing business in the state of Texas with its principal place of business in Florida. GSPCIC may be served with process by serving its registered agent for service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

2.03  Defendant, ATLAS is a domestic, Limited Liability Company with its principal place of business located in Texas and a citizen of the state of Texas. ATLAS may be served with process by serving its registered agent: Grant Blaies, 420 Throckmorton Street, Suite 1200, Fort Worth, Texas 76102-3059.

### III. JURISDICTION AND VENUE

3.01  This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02  Venue is mandatory and proper in Jefferson County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

### IV. CONDITIONS PRECEDENT

4.01  All conditions precedent to recovery have been performed, waived, or have occurred.

### V. RESPONDEAT SUPERIOR

5.01  At all times relevant hereto, ATLAS (and its employees) were acting in the course and scope of their employment with GSPCIC for which GSPCIC is liable for their acts and/or omissions.

### VI. AGENCY: ACTUAL/APPARENT AUTHORITY

6.01   At all times relevant hereto, ATLAS (and its employees) were acting as agents of GSPCIC with actual or apparent authority and within the course and scope of their agency relationship.

## VII.   FACTS

7.01   GSPCIC sold Plaintiff a homeowner's insurance policy, policy number GSHO 000120711 (hereinafter referred to as the "policy").

7.02   Plaintiff owned the property insured under the policy that is specifically located at 429 Hanover, Port Neches, Texas (hereinafter referred to as the "property").

7.03   On or about August 29, 2017, Plaintiff's property sustained damages from Hurricane Harvey. Plaintiff and his family were forced to evacuate, and upon their return, they discovered wind damage to their home, including damage to their exterior windows and interior finishes.

7.05   Plaintiff filed a claim with his insurance company, GSPCIC, for the damages to his property caused by Hurricane Harvey. Plaintiff asked that GSPCIC cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

7.06   GSPCIC outsourced its investigative duties, claims handling, and coverage decisions to ATLAS.

7.07   On December 20, 2017, ATLAS sent Plaintiffs a letter accepting in part and denying in part Plaintiffs' claim. ATLAS wrongfully denied coverage, claiming damages were the result of wear and tear. For example, ATLAS denied coverage for Plaintiffs' windows claiming the damage was a result of "long term exposure to the elements and age" even though the windows were not damaged prior to Harvey. Furthermore, ATLAS underpaid the damages it did accept. For example, ATLAS refused to replace Plaintiffs' wood floors damaged during Harvey and only paid to sand and stain. ATLAS sent this correspondence on its letterhead and signed the letter as GSPCIC.

7.08   GSPCIC and ATLAS failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in an improper denial of part of Plaintiff's claim. Defendants' unreasonable investigation resulted in an improper denial of a valid claim and underpayment of proceeds due under the policy. As a result of Defendants' unreasonable investigation and handling of the claim, the damages to Plaintiffs' property worsened. As a further cause of Defendants' acts and omissions, Plaintiffs have incurred increased electrical bills because of the damage to Plaintiffs' windows.

7.09   To date, GSPCIC and ATLAS continue to deny coverage for a valid claim and continue to deny payment for proceeds due under the policy. As such, Plaintiffs' claim remains unpaid and Plaintiffs have not been able to properly repair the Property.

7.10   GSPCIC failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. GSPCIC's conduct constitutes a breach of the insurance contract between GSPCIC and Plaintiffs.

7.11   GSPCIC and ATLAS misrepresented to Plaintiff that "normal wear and tear" allowed water to enter Plaintiff's home even though the water entered though wind that broke seal on the windows. GSPCIC and ATLAS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practice. TEX. INS. CODE §541.060 (a) (1).

7.12   GSPCIC and ATLAS failed to attempt to settle Plaintiffs' claim in a fair and equitable manner, although GSPCIC's liability to pay Plaintiffs was reasonably clear under the Policy.

GSPCIC and ATLAS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

7.13 GSPCIC refused to fully compensate Plaintiff under the terms of the Policy, even though GSPCIC and ATLAS failed to conduct a reasonable investigation. Specifically, GSPCIC and ATLAS performed an outcome-oriented investigation by ignoring evidence supporting coverage. GSPCIC and ATLAS' unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses and resulted in further damage to Plaintiffs' property. GSPCIC and ATLAS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

7.14 GSPCIC failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. GSPCIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

## VIII. 1ST CAUSE OF ACTION: BREACH OF CONTRACT

8.01 Plaintiffs incorporate by reference the above paragraphs as if stated herein more fully.

8.02 To prevail on a valid breach of contract claim, a plaintiff must prove that 1) there was a valid contract; 2) that plaintiff has performed his obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

8.03 At the time Harvey damaged Plaintiffs' property, Plaintiffs had in place a policy issued by GSPCIC. Defendant does not dispute that a valid contract was in place.

8.04   Plaintiffs' premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiffs fulfilled their obligations under the policy, and more specifically, executed their duties under the contract after the loss.

8.05   GSPCIC wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to conduct a reasonable investigation and pay Plaintiffs the full benefits owed after a covered loss. GSPCIC is therefore in breach of the contract of insurance issued to Plaintiffs.

8.06   GSPCIC's conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

## IX.   2nd CAUSE OF ACTION:  DTPA

9.01   Plaintiffs incorporate by reference the above paragraphs as if stated more fully herein.

9.02   Plaintiffs are "consumers" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from GSPCIC and ATLAS. GSPCIC and ATLAS and violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

9.03   The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

    a.   Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

    b.   Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

9.04   The acts and omissions of Defendants were a producing cause of the Plaintiffs' damages.

9.05   Defendants' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendants had actual awareness of the falsity, deception

or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

9.06  Plaintiffs gave Defendants notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

X.  **3RD CAUSE OF ACTION: §541 ET SEQ. TEXAS INSURANCE CODE**

10.01  Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

10.02  GSPCIC and ATLAS violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violation of:

(a)  Tex. Ins. Code §541.051;

(b)  Tex. Ins. Code §541.052;

(c)  Tex. Ins. Code §541.059;

(d)  engaging in unfair settlement practices by:

  (i)  misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

  (ii)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

  (iii)  failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

  (iv)  failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

  (v)  refusing to pay a claim without conducting a reasonable investigation of the claim TEX. INS. CODE §541.060(a)(7).

(e)  misrepresenting Plaintiffs' insurance policy by:

  (i)  making an untrue statement of material fact TEX. INS. CODE §541.061(1);

  (ii)  failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made TEX. INS. CODE §541.061(2); and

  (iii)  making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact TEX. INS. CODE §541.061(2); and

 (f)  §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

10.03 Defendants' conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

10.04 Plaintiffs gave Defendants notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

10.05 Defendants' conduct described above was a producing cause of Plaintiffs' damages.

  XI.  <u>4TH CAUSE OF ACTION: TEXAS INS. CODE SECTION 542</u>

11.01 Plaintiffs reincorporate by reference the above paragraphs as if stated herein more fully.

11.02 GSPCIC violated the Texas Insurance Code section 542 because it failed to do the following within the statutorily mandated time of receiving all necessary information:

 (1) Failing to timely acknowledge the Plaintiffs' claim;

 (2) Failing to commence an investigation of Plaintiffs' claim;

 (3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

 (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

 (5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

(6) Failing to pay Plaintiffs' claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

11.03   GSPCIC violated the Texas Insurance Code section 542 by:

(1) Knowingly misrepresented to the Plaintiffs pertinent facts or policy provisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiffs to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiffs.

11.04   Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiffs request damages under Texas Insurance Code section 542.060.

## XII.   5TH CAUSE OF ACTION:  GOOD FAITH AND FAIR DEALING

12.01   Plaintiffs reincorporate by reference the above paragraphs as if stated more fully herein.

12.02   GSPCIC owed Plaintiffs a duty of good faith and fair dealing. GSPCIC breached this duty when it conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiffs' claim was covered. Defendants' breach of this duty was a proximate cause of Plaintiffs' damages.

## XIII.   AMBIGUITY

13.01 The policy in place at the time of Hurricane Harvey, policy number GSHO 120711 contained patent and latent ambiguities concerning the terms of the policy governing the insureds' duties after loss.

## XIV. WAIVER AND ESTOPPEL

14.01 GSPCIC has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XV. DAMAGES

15.01 As a direct result of Defendants' conduct, Plaintiffs have suffered economic damages all of which they are entitled to recover. Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together with reasonable attorney's fees. Plaintiffs are also entitled to recover mental anguish damages because Defendants acted in bad faith and because Defendants' knowing conduct was the producing cause of Plaintiffs' mental anguish.

15.02 Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs are also entitled to recover treble damages because Defendants' conduct was committed knowingly.

15.03 Plaintiffs are entitled to exemplary damages as a result of Defendants' breach of duties owed. When viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

15.04 Based on the information currently available to Plaintiffs, Plaintiffs believe their damages exceed $200,000.00, but are less than $1,000,000.00 including damages of any kind, penalties,

costs, expenses, pre-judgment interest and attorney's fees. Plaintiffs reserve the right to decrease or increase this amount as further information becomes available.

## XVI. ATTORNEY'S FEES

16.01 Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney's fees and court costs.

## XVII. REQUEST FOR DISCLOSURE

17.01 Under the authority of the Texas Rules of Civil Procedure 194, Plaintiff requests that the Defendants discloses, within 50 days from the service of this request, the information or material described in Rule 194.2(a)-(l).

## XVIII. PRAYER AND JURY DEMAND

18.01 For these reasons, Plaintiffs ask that they have judgment against Defendants for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themselves entitled. Plaintiffs request a trial by jury.

Respectfully Submitted,

By: */s/ Joe Muckleroy*
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax